# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ROBERT NAMER, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                                      **NO. 15-3060**

**GS LEVINE INSURANCE SERVICES,**                      **SECTION I**
**INC., ET AL.**

## ORDER AND REASONS

Defendants have filed a motion[1] to dismiss two of plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Namely, defendants move to dismiss plaintiffs' claims brought under the California and/or Louisiana Insurance Codes, and plaintiffs' claims for attorney's fees.  Plaintiffs oppose the motion.[2]

While this Court has already dismissed[3] the attorney's fees claims, the Court now concludes, for the following reasons, that its previous order dismissing those claims should be vacated.  The Court further decides that defendants' motion to dismiss should be denied as to the claim for attorney's fees, but that plaintiffs' have not stated claims for breach of the insurance codes.[4] Accordingly, the motion should be granted as to those claims.

---

[1]R. Doc. No. 15.
[2]R. Doc. No. 21.
[3]R. Doc. No. 26.
[4]After the Court grants defendants' motion in part, a number of claims will remain in the lawsuit, including a claim for breach of contract, a claim pursuant to LUTPA, and a bevy of intentional tort and conspiracy claims.  Whether such a laundry list of allegations can survive summary judgment is an issue for another day.  Indeed, all of plaintiffs' remaining claims are the subject of a motion for summary judgment filed by defendants.  *See* R. Doc. No. 37.

1

**BACKGROUND**

According to the first amended complaint, one or more non-parties "set into motion an illegal corporate takeover" of plaintiff companies owned in part by plaintiff, Robert Namer ("Namer"). Defendants, Arthur J. Gallagher Insurance Brokers of California, Inc. and GSL-RA Holdings, Inc., are insurance brokers who allegedly procured insurance on behalf of those companies.[5] Defendants' alleged role in the "fraudulent" scheme was "to procure dramatic increases in the Insured Companies' insurance coverage limits" and "to improperly back-date these coverage increases" in order to "facilitate" the improper corporate takeover.[6] Plaintiffs specifically allege that although a letter was written to defendants "stating that there were no known claims involving the subject insurance policies," defendants knew that this letter was untrue, and defendants nonetheless "assisted the Insured Companies in drastically increasing their policy coverage limits, with the knowledge or expectation that a legal fight with Namer (which they were initiating) was about to break out, which would lead to claims being made under one or more of the policies in question."[7]

On the basis of these factual allegations, the first amended complaint cursorily asserts that defendants are liable "for one or more violations of the California Insurance Code and/or the Louisiana Insurance Code" based on alleged "fraudulent procurement of coverage increases."[8] The complaint also alleges an entitlement to "statutory penalties."[9]

Of note in resolving this motion is the fact that the current motion to dismiss is actually the

---

[5]R. Doc. No. 11, at 4, 6.
[6]R. Doc. No. 11, at 7-8.
[7]R. Doc. No. 11, at 7-8.
[8]R. Doc. No. 11, at 16-17.
[9]R. Doc. No. 11, at 17.

third motion to dismiss filed by defendants. The initial two motions[10] were filed with respect to claims in the original complaint in which Namer himself was the only plaintiff. Those motions asserted that Namer had failed to state a claim upon which relief could be granted because all of his claims were premised on the existence of a contract between the parties, and Namer acknowledged that the insurance contracts at issue were only with companies—not with himself.[11]

As defendants point out, Namer then amended his complaint in response to the motions to dismiss, alleging with more specificity the claims for breach of contract and conspiracy and adding four corporate plaintiffs, the "Insured Companies," which he claims to own.[12] Accordingly, the Court denied defendants' motions to dismiss as moot.[13] Nonetheless, as defendants argue in their current motion to dismiss, "Namer added no new facts or allegations in the Amended Petition" "in connection with the purported claims for violation of Insurance Code."[14] Defendants therefore renewed their earlier motions to dismiss as to these claims.

### STANDARD OF LAW

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.

---

[10]R. Doc. Nos. 4, 5. The initial motions were motions to dismiss or, in the alternative, motions for a more definite statement.

[11]*See* R. Doc. Nos. 4, 5.

[12]R. Doc. No. 11. In his first amended complaint, Namer also alleges that he obtained insurance coverage through defendants not only for the Insured Companies but also for himself. *See* R. Doc. No. 11, at 4 ¶ 18.

[13]R. Doc. No. 10.

[14]R. Doc. No. 15-1, at 5.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th

Cir. 2007).  As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative
> level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Supreme Court
> recently expounded upon the *Twombly* standard, explaining that "[t]o survive a
> motion to dismiss, a complaint must contain sufficient factual matter, accepted as
> true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
> U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial
> plausibility when the plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  It
> follows that "where the well-pleaded facts do not permit the court to infer more than
> the mere possibility of misconduct, the complaint has alleged—but it has not
> 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ.
> P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether

relief should be granted.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v.

Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all

well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to

the plaintiff.  *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.

1997).  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"  *Cutrer

v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d

967, 970 (5th Cir. 1986)).

"Again, when the facts alleged do not permit a court to infer more than a mere possibility of

misconduct, the plaintiff has not demonstrated his entitlement to relief and has not met his burden

to defeat a motion to dismiss." *James v. Champagne*, No. 12-2228, 2013 WL 1755045, at *3 (E.D.

La. Apr. 23, 2013) (Brown, J.) (citing *Ashcroft*, 556 U.S. at 678–79).  The burden to state a claim

4

upon which relief can be granted is on the plaintiff.  *Baxter v. PNC Bank Nat. Ass'n*, 541 F. App'x 395, 398 (5th Cir. 2013).

## ANALYSIS

### I.      Plaintiffs' claims for attorney's fees

After defendants filed this motion, the Court dismissed the claims for attorney's fees.[15] However, subsequent developments in the case warrant the Court's reconsideration of that dismissal. *See Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983) ("[A] court will follow a ruling previously made unless the prior ruling was erroneous, is no longer sound, or would work an injustice.").

The Court dismissed the attorney's fees claim based on plaintiffs' counsel's representation at a status conference that "he presently has no legal authority to support a claim for attorney's fees."[16] However, in the minute entry[17] issued after that status conference, the Court ordered counsel for plaintiff to "deliver to counsel for defendants a specific delineation of the legal basis of plaintiffs' causes of action" by a certain date.  Plaintiff's counsel did so by timely filing a bench memorandum with the Court.[18]

In that bench memorandum, plaintiffs' counsel claims that although he was unable to provide any support for the attorney's fees claim at the status conference, "the operative legal theories of this

---

[15]R. Doc. No. 26, at 1.
[16]R. Doc. No. 26, at 1.  Plaintiffs' first amended complaint states only that plaintiffs "are entitled to recover their costs in bringing this lawsuit, including attorneys' fees, court costs, and other expenses."  R. Doc. No. 11, at 17.
[17]R. Doc. No. 26, at 1.
[18]R. Doc. No. 28.

case *do* support the award for attorney's fees."[19]  Specifically, plaintiffs assert that success on their

claims under Section 51:1405 of Louisiana's Unfair Trade Practices and Consumer Protection Law

("LUTPA") entitles them to attorney's fees pursuant to La. R.S. § 51:1409(A).[20]

Section 51:1405  prohibits "[u]nfair methods of competition and unfair or deceptive acts or

practices in the conduct of any trade or commerce,"  and Section 51:409(A) creates a cause of action

for "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or

incorporeal, as a result of [any such] unfair or deceptive method, act, or practice."  La. R.S. §§

51:1505(A), 51:409(A).[21]  Section 51:409(A) further provides that "[i]n the event that damages are

---

[19]R. Doc. No. 28, at 2 n.2.  Plaintiffs' counsel further used the bench memorandum to express his discontent that this Court would order him to provide more specificity with respect to the legal bases for plaintiff's claims.  He wrote:

> Plaintiffs respectfully note that this instruction is very unusual from a procedural point of view, so much so that determining the best way to classify this document was no small feat.  What Plaintiffs have been asked to provide does not appear to have been explicitly provided for in the Federal Rules of Civil Procedure.

R. Doc. No. 28, at 1–2.  The Court simply notes that plaintiffs' counsel's ill-advised attempt to lecture this Court on the appropriate application of the Rules is not appropriate and, furthermore, evidences a lack of knowledge regarding federal court practice.

Rule 16 of the Federal Rules of Civil Procedure empowers the court, after any pretrial conference, to "consider and take appropriate action" on a number of matters, including "formulating and simplifying the issues, and eliminating frivolous claims or defenses," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action."  Fed. R. Civ. P. 16(c)(2).  Wright & Miller, which has been cited favorably by the Supreme Court on this subject, provides explicitly that "clarification as to a [plaintiff's] legal theory may be achieved through the use of pretrial conferences and pretrial orders under Rule 16."  5 C. Wright & A. Miller, Federal Practice & Procedure § 1219 (3d ed. 2004 and Supp. 2010); *see also Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014).  In a case such as this one, in which plaintiffs have summarily alleged a laundry list of illegal conduct, the Court's attempt to clarify plaintiffs' causes of action is particularly appropriate.
[20]R. Doc. No. 28, at 7.
[21]LUTPA does not specifically define what constitutes unfair or deceptive trade practices, and instead relies on "the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition." *Frontline Petroleum Training Sys., LLC v. Premier Safety Mgmt., Inc.*, No. 6:13-cv-01259, 2013 WL 6667332, at *4 (W.D. La. Dec. 17, 2013) (quoting *Cheramie Servs.,*

6

awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs."  La. R.S. § 51:409(A).

The bench memorandum in which plaintiffs advance this argument was filed after the briefing on the present motion was complete, and plaintiffs' first amended complaint does not mention LUTPA, much less Section 51:1405 of that statute.[22]  Indeed, plaintiffs' first amended complaint does not even mention the terms "unfair," "competition," "deceptive," "practice(s)," or "trade."  Accordingly, defendants' argument for dismissal of the attorney's fees claim is premised on the fact that "a litigant has no right to recover attorneys' fees in the absence of some applicable statutory provision or contractual obligation,"[23] and plaintiffs cite none in their first amended complaint.[24]

Defendants are correct that attorney's fees are generally recoverable only where authorized by statute or contract.  *Kessler v. Penn. Nat.'l Mut. Cas. Ins. Co.*, 531 F.2d 248, 255 (5th Cir. 1976); *Myers v. Powell*, No. 12-2181, 2013 WL 3832414, at *5 (E.D. La. July 23, 2013) (Vance, J.).  Plaintiffs have now articulated a specific statutory provision that supports their claim for attorney's fees.

When considering a motion to dismiss, a district court generally must limit itself to the contents of the pleadings, including any attachments thereto.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Nevertheless, while it is true that plaintiffs' first amended complaint does not even mention LUTPA, federal pleading rules "do not countenance dismissal of

---

*Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 4/23/10)).
[22]*See* R. Doc. No. 11.
[23]R. Doc. No. 15-1, at 8.
[24]*See* R. Doc. No. 11.

a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014). The Supreme Court's recent decision in *Johnson* is instructive.

In *Johnson*, the plaintiffs were policemen who sued their employer alleging that they were fired in retaliation for reporting the illegal conduct of a city alderman. *Id.* Their complaint charged the defendant with violating their Fourteenth Amendment due process rights and sought compensatory relief, but it did not explicitly state that the plaintiffs were suing pursuant to 42 U.S.C. § 1983. *Id.* The district court entered summary judgment against the plaintiffs "for failure to invoke 42 U.S.C. § 1983 in their complaint," and the Fifth Circuit affirmed. *Id.*

The Supreme Court reversed, holding that "no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." *Id.* at 347. In explaining its decision, the Court observed that its decisions in *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662, were not on point, as they concerned only the "*factual* allegations a complaint must contain to survive a motion to dismiss." *Id.* The two decisions instruct that a plaintiff "must plead *facts* sufficient to show that her claim has substantive plausibility;" they do not require a plaintiff to specify her legal theory in order to state a claim. *Id.* (emphasis added).

Because the plaintiffs' complaint in *Johnson* "stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city, . . . they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Id.* This is because "[t]he federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief." *Id.* (citing 5 Wright & Miller, *supra*, at § 1219).

8

Plaintiffs' first amended complaint in this case contained sufficient factual allegations to constitute an adequate statement of their claims for attorney's fees, even if it failed to specify the law that would entitle them to attorney's fees should they prove their allegations.   Furthermore, the statutory provisions cited in plaintiffs' bench memorandum satisfy both the Court's concern at the status conference and defendants' objection to the attorney's fees claim.   While plaintiffs' ultimate success in obtaining attorney's fees turns on their claim under La. R.S. § 51:1505(A)—on which the Court expresses no opinion—the Court does conclude that plaintiffs have articulated a claim upon which relief can be granted as to attorney's fees.   Accordingly, the Court vacates its previous ruling, reinstates plaintiffs' claims for attorney's fees, and denies defendants' motion as to those claims.

## II.    Plaintiffs' claims under the California and/or Louisiana Insurance Codes

In their motion, defendants point out that plaintiffs' first amended complaint fails to articulate a specific section of either the Louisiana or California Insurance codes that defendants' actions allegedly violated.[25]   In their bench memorandum and in their opposition to the motion, plaintiffs contend that the allegations state a "violation of Sections 330–339 of the California Insurance Code, which govern both concealment and intentional/fraudulent omissions in communications between an insured and the insurer."[26]   Plaintiffs do not articulate any theory pursuant to the Louisiana Insurance Code in either their first amended complaint, their opposition to the present motion to dismiss, or their bench memorandum.

---

[25]R. Doc. No. 15-1, at 6.
[26]R. Doc. No. 21, at 2; *see also* R. Doc. No. 28, at 8.

### A.        Plaintiffs fail to state a claim under the California Insurance Code

Defendants argue that plaintiffs cannot state a claim pursuant to Sections 330–339 of the California Insurance Code because those sections only permit an *insurer* to rescind an insurance contract on the basis of a misrepresentation, not an *insured*.[27]  They point to Section 338 of the Code, which states that "[a]n intentional and fraudulent omission, on the part of one *insured*, to communicate information of matters proving or tending to prove the falsity of a warranty, entitles *the insurer* to rescind."  Cal. Ins. Code § 338 (emphasis added).  Section 331, however, provides that "[c]oncealment, whether intentional or unintentional, entitles *the injured party* to rescind insurance."  Cal. Ins. Code § 331 (emphasis added).  It does not differentiate between insurers and insureds.

Furthermore, the sections of the Code surrounding Section 331 discuss the disclosures that "[e]ach party to a contract of insurance" shall make.  Cal. Ins. Code § 332; *see also* Cal. Ins. Code § 333 ("Neither party"), § 335 ("Each party").  It therefore appears that the Code intends to impose affirmative obligations on both parties to an insurance contract, and provides either party with a right of rescission should the other party fail to meet its legal obligations.[28]

---

[27]R. Doc. No. 30, at 2–3.

[28]The only remedy available pursuant to the California Insurance Code sections cited by plaintiffs is rescission of an insurance policy. *See* Cal. Ins. Code § 331 ("Concealment . . . entitles the injured party to rescind insurance."); Cal. Ins. Code § 338 ("An intentional and fraudulent omission . . . entitles the insurer to rescind.").  Plaintiffs' first amended complaint is clear that plaintiffs requested relief includes only "consequential and/or general damages" as well as "out-of-pocket litigation expenses."  R. Doc. No. 11, at 17.  It does not mention rescission.  Furthermore, plaintiffs do not specify in their bench memorandum that they are seeking rescission.  *See* R. Doc. No. 28.

Rule 8(a)(3) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."  However, as the commentators in Wright & Miller explain:

> The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for
> relief and the demand for judgment is not considered part of the claim for that

The two cases cited by defendants, which the Court observes date from 1945 and 1958, do not state otherwise. *Ashley v. Am. Mut. Liab. Ins. Co.*, 167 F. Supp. 125 (N.D. Cal. 1958) *aff'd sub nom. Am. Mut. Liab. Ins. Co. v. Goff*, 281 F.2d 689 (9th Cir. 1960); *Martin v. Mut. Ben. Health & Acc. Ass'n*, 71 Cal. App. 2d 557, 559, 162 P.2d 980, 981 (1945). Indeed, *Ashley* and *Martin* stand only for the proposition that an insurer can sue under these provisions of the Code; nowhere do they indicate that an insured cannot. Even assuming that an insured can bring a claim for rescission pursuant to Sections 330–339, however, it is clear that plaintiffs cannot assert a claim under the facts of this case.

Plaintiffs in this case are an individual, Namer, and the Insured Companies he allegedly owns.[29] Defendants are insurance brokers who allegedly procured insurance on behalf of the Insured Companies.[30] The insurance companies themselves are not parties to this lawsuit. Sections 330–339 of the California Insurance Code permit insurers, and perhaps insureds, to rescind insurance contracts when one party conceals material information from the other. The Code only entitles plaintiffs to rescission if the insurer, or perhaps the insurance broker in his capacity as the insurer's agent, made some sort of material concealment that plaintiffs relied on to their detriment.

Here, the allegation is that any concealment that took place was jointly made by the insured

purpose, as numerous cases have held. Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type.

5 C. Wright & A. Miller, Federal Practice & Procedure § 1255 (3d ed. 2004 and Supp. 2010).
    The Court therefore does not hold plaintiffs' complaint to be insufficient on the basis of its failure to specify rescission as a form of requested relief, in spite of the fact that plaintiffs have repeatedly failed to ask for such a remedy.
[29] R. Doc. No. 11.
[30] R. Doc. No. 11, at 4, 6.

11

companies and the insurance brokers to conceal pending claims *from the insurer*.  In other words, the insured companies are the ones who did the concealing.  Plaintiffs accuse the insurers of no misconduct in this lawsuit.  Because plaintiffs cannot rescind the insurance contract on the basis of their own concealment, they do not state a claim under Sections 330-339.  Their claims pursuant to the California Insurance Code must therefore be dismissed..

### B.       Plaintiffs fail to state a claim under the Louisiana Insurance Code

In their first amended complaint, plaintiffs state that defendants "are liable for one or more violations of the . . . Louisiana Insurance Code" and that "[t]he above-referenced fraudulent procurement of coverage increases" breached the Code and caused plaintiffs consequential damages.[31]  But plaintiffs have repeatedly failed to identify the particular provisions of the Code that defendants allegedly violated.[32]  While federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346 (2014), the rules do empower the Court to dismiss a claim for a  party's failure to comply with a court order.  Fed. R. Civ.P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiffs have thrice been afforded the opportunity to specify which provisions of the

---

[31]R. Doc. No. 11, at 16–17.

[32]The Court also notes that to the extent plaintiffs planned to assert claims against defendants for "unfair or deceptive acts in the insurance business," the Louisiana Insurance Code does not provide them with a claim.  Indeed, "[w]hile the legislative scheme [behind the Insurance Code] empowers the Commissioner of Insurance 'to investigate allegations of unfair methods of competition or unfair or deceptive acts in the insurance business,' it does not create a private cause of action."  *Jones v. Physicians Mut. Ins. Co.*, No. 00-1345, 2000 WL 1154615, at *2 (E.D. La. Aug. 14, 2000) (Vance, J.) (citing *Clausen v. Fidelity & Deposit Co. of Md.*, 660 So.2d 83, 86 (La. App. 1st Cir.1995); *A–I Nursery Registry Inc. v. United Teacher Assocs. Ins. Co.*, 682 So.2d 929, 931–32 (La. App. 3d Cir. 1996)).

12

Louisiana Insurance Code were allegedly violated by defendants and how those provisions were violated. Plaintiffs' awareness of the need to offer such specificity is evidenced by their opposition to this motion and their bench memorandum, both of which specify the provisions of the California Insurance Code that defendants supposedly violated.[33] In the face of a challenge to their claim and a court order[34] directing them to specify the legal basis of their claim, plaintiffs' failure to do the same with respect to the Louisiana Insurance Code demonstrates their inability to assert a cause of action pursuant to that Code. Indeed, by failing even to address defendants' arguments as to the Louisiana Insurance Code, plaintiffs have waived the issue. Accordingly, plaintiffs' claims under the Louisiana Insurance Code must be dismissed with prejudice.[35]

## CONCLUSION

For the reasons provided above,

**IT IS ORDERED** that the Court's previous ruling[36] dismissing plaintiffs' claim for attorney's fees is **VACATED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to all claims pursuant to the California Insurance Code and the Louisiana Insurance Code, and such claims are **DISMISSED**

---

[33]R. Doc. No. 21, at 2.

[34]R. Doc. No. 26.

[35]Because this is plaintiffs' second attempt at stating a claim pursuant to the Louisiana or California Insurance Codes, dismissal of those claims should be with prejudice. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

[36]R. Doc. No. 26.

**WITH PREJUDICE**.  The motion is **DENIED** with respect to plaintiffs' claims for attorney's fees.

New Orleans, Louisiana, February 23, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

14